

**U.S. Department of Justice**
United States Attorney
Eastern District of Texas

*550 Fannin, Suite 1250*          *Telephone: (409) 839-2538*
*Beaumont, TX 77701*              *Fax: (409) 839-2643*

June 3, 2024

Mr. Lyle W. Cayce
Clerk, U. S. Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, LA   70130 3408

>    Re:   William Maxwell, Petitioner-Appellant v. Albert Thomas, III,
>          Warden, FCI Beaumont Low-Appellee, No. 23-40699; On appeal
>          from the U.S. District Court for the Eastern District of Texas,
>          Beaumont Division, No. 1:22cv40

Dear Mr. Cayce:

Respondent-Appellee Albert Thomas, III, Warden, FCI Beaumont Low, files this letter brief in response to the brief filed by Petitioner-Appellant William Maxwell.  In support of the judgment of the district court, the United States respectfully offers the following:

## I.  Jurisdiction

The District Court (Truncale, M.) denied Maxwell's petition under 28 U.S.C. § 2241, entering judgment on October 6, 2023.  ROA 1207.  The lower court had jurisdiction under 28 U.S.C. § 2241.  This court has jurisdiction under 28 U.S.C. §1291.

## II.  Issues Presented

Maxwell argues that his habeas petition should not have been dismissed based on his failure to exhaust his administrative remedies regarding relief sought under the First Step Act. Did Maxwell exhaust his administrative remedies regarding the First Step Act? In the alternative, is exhaustion of administrative

1

remedies required under 28 C.F.R § 542.14(d)(5)? Did a fact issue exist to preclude summary judgment?

### III.  Facts

On February 7, 2022, Maxwell filed a habeas petition under 28 U.S.C. § 2241. In it, he challenged BOP's decision to deny his request for priority transfer to a halfway house or home confinement under the CARES Act, BOP's treatment of Maxwell in comparison to other "high economic or status" inmates, BOP's failure to consider factors and privileges provided for under the First Step Act, and BOP's policies for determining which inmates are placed on home confinement or in a halfway house. ROA 7.

On May 17, 2022, the government, on behalf of Respondent Thomas, filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ROA 252. The government submitted that Maxwell had failed to exhaust his administrative remedies on each of his claims except for the denial of his priority transfer to home confinement pursuant to the CARES Act, and that he cannot seek relief for those claims not exhausted through administrative remedies. ROA 258. Furthermore, Maxwell's exhausted claim lacked subject matter jurisdiction. ROA 265.

### IV.  Summary

The district court properly denied Maxwell's habeas petition because he had failed to exhaust his administrative remedies on several claims, and that Maxwell was not entitled to relief on the remaining exhausted claim, as it was within BOP's discretion to deny priority placement in home confinement. ROA 1207.

### V.  Standard of Review

In reviewing the denial of a request for federal habeas corpus relief, the Court reviews the district court findings of fact for clear error and issues of law de novo. *Dison v. Whitley*, 20 F3d 185 (5th Cir. 1994).

### VI.  Argument

The District Court correctly adopted the Report and Recommendation and dismissed Maxwell's case. As explained in the Report and Recommendation, Maxwell failed to exhaust administrative remedies relating to his claims—if any—

under the First Step Act. Additionally, the BOP appropriately exercised its discretion to deny Maxwell's request for placement in home confinement. The magistrate judge correctly outlined the argument as follows:

> A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).
>
> The BOP administrative remedy procedures, set forth in Title 28 C.F.R. §§ 542.10-542.19, provide formal review of any complaint which relates to any aspect of the inmate's confinement. Informal resolution is first attempted, and if it proves unsuccessful, then the inmate may file a formal complaint with the warden. *See* 28 C.F.R. §§ 542.13-542.14. Informal resolution is referred to as a BP-8, while the formal complaint to the warden is referred to as a BP-9. *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014). If the inmate is not satisfied with the warden's response, he may appeal the response to the regional director. 28 C.F.R. § 542.15(a). This is referred to as a BP-10. *Huff*, 555 F. App'x at 293. If the inmate is dissatisfied with the regional response, he may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel is the final administrative appeal within the BOP. *Id*. This final step is referred to as a BP-11. *Huff*, 555 F. App'x at 293. If an inmate does not receive a response within the time allotted for a reply, the absence of a response is considered a denial at that level. 28 C.F.R. § 542.18.
>
> Here, Respondent argues Petitioner failed to exhaust all his claims, with the exception of his request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act (the

"CARES Act," P.L. 116-136). Respondent provides Petitioner's grievance records and the declaration of Justin Thornton interpreting those records. Exhibit A, Attachments 2-5. A review of the competent summary judgment evidence reveals that to be the case. Through the administrative remedy process, Petitioner only challenged the denial of his request for a priority transfer to home confinement under the CARES Act. *Id*. There are no records that indicate Petitioner exhausted, let alone attempted to exhaust, any claims relating to the First Step Act (FSA), including FSA time credits as related to his participation in productive activities, preferential housing unit, additional phone minutes, expanded commissary, or his transfer to a halfway house as a result of his successful participation in programming. *Id*. As such, these latter claims should be dismissed for failure to exhaust administrative remedies.

*The Cares Act*

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) and (3). Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

The BOP has the authority to release a prisoner to home confinement for the shorter of 10% of the term of imprisonment or six months under 18 U.S.C. § 3624. The CARES Act authorized the Director of the BOP to lengthen that amount of time. *See Livas v. Myers*, 2:20-CV-422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020). However, nothing in the CARES Act grants prisoners the right to serve the remainder of their sentences in home confinement, it merely lengthens the amount of time during which the BOP has the discretion to allow it. *See United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *Beaird v. Brown*, 3:07-CV-2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment.").

4

Here, the BOP considered Petitioner's request for home confinement, and using its discretion, denied it. The denial was based upon the BOP's review of the totality of circumstances related to Petitioner's conviction and incarceration. Specifically, the denials were based on the minimal amount of time Petitioner had spent at the correctional facility and the nature of his conviction. Specifically, at that time, Petitioner had spent only approximately 56-months of a 240-month imposed sentence. The BOP was within its discretion to deny Petitioner a priority placement in home confinement, and thus, Petitioner is not entitled to habeas relief.

ROA 1155-1158.

Maxwell fails to show how the foregoing analysis was legally or factually incorrect—it is not. As such, the Cour should affirm the denial of Maxwell's habeas petition.

## VI.  Conclusion

The United States respectfully urges the Court to affirm the district's court's denial of the habeas petition.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY


*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel:  (903) 590-1400
Fax: (903) 590-1436
Email:  James.Gillingham@usdoj.gov

5

**Certificate Related to Fifth Circuit Rule 25.2**

In compliance with 5th Cir. R. 25.2, I certify the following: (1) all required privacy redactions have been made on this document; (2) this electronically-submitted document is an exact copy of the paper document; and (3) this document has been scanned for viruses with the most recent version of commercially-available virus scanning software used by the United States Attorney's Office for the Eastern District of Texas and is free of viruses.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney

**Certificate of Service**

I certify that on July 3, 2024, a true and correct copy of the foregoing Brief of Respondent-Appellee United States Department of Justice has been served on the pro se appellant via Certified Mail, Return Receipt Requested, to William Maxwell, Reg #71944-279, FCI Beaumont Low, P.O. Box 26020, Beaumont, TX 77720.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney

**Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,377 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Version 14.0.6129.5000 in 14-point Times New Roman font.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney

Dated: July 3, 2024

7