CAUSE NO.: 23-40699

WILLIAM MAXWELL
Plaintiff, Appellant

VERSUS

WARDEN THOMAS
Defendant, Appellee



On Appeal from the United States District Court
For the Eastern District of Texas
Honorable Michael J. Truncale, presiding.

MAXWELL'S REPLY AND MOTION FOR LEAVE TO FILE REPLY

WILLIAM MAXWELL
Fed. Reg. No.: 71944-279
FCI-Beaumont-Low
Post Office Box 26020
Beaumont, Texas   77720
Pro se'

MAXWELL'S REPLY
AND MOTION FOR LEAVE TO FILE REPLY

To the Honorable Appellate Court:

Comes Now, William Maxwell ("Maxwell") and files his Reply to the Warden's "Letter" Response and for just cause would show unto the Court of Appeals as follows:

### Issues Presented

1) Maxwell exhausted his administrative remedies as to the First Step Act by citing the basis and statutes relied upon in his administrative filings.

2) Alternatively, exhaustion is not required under 28 C.F.R. §542.111(d)(5).

3) Fact issues precluded summary judgment.

### Reply

4) The Warden did not respond, materially, at all.

5) The Warden did not respond or dispute Maxwell's factual arguments at all. Maxwell (at Opening Brief, Page 2) noted he raised First Step Act (FSA) transfer to halfway house and home confinement under 18 U.S.C. §3624(g), §3621(h) and §3621(b); and 18 U.S.C. §3624(c); and Second Chance Act, 34 U.S.C. §60541. These facts are unrebutted.

6) Maxwell noted his Unit Team Staff approved him for FSA transfer to home confinement. This stands unrebutted.

7) Thornton's Affidavit (BOP Facility Officer) was false. This stands unrebutted.

8) The Warden also did not respond to Maxwell's CARES Act language (background information) -- but, Maxwell noted he was not appealing the CARES Act determination (Maxwell's Opening

-1-

Brief at EN3). Peculiarly, arguing the CARES Act which is not in issue.

9) The Warden does not dispute that he failed to address the multiple issues raised by Maxwell in his administrative remedies request, to include FSA Time Credits.

10) The Warden does not dispute Maxwell's transfer to home confinement/halfway house request under the Wedelstedt v.Wiley analysis of 18 U.S.C. §3632(b).

11) The Warden does not dispute that Maxwell raised all these issues (FSA, Second Chance Act, 18 U.S.C. §3632(b)) in his administrative requests.

12) The Warden does not dispute that Maxwell raised the FSA issues throughout his Administrative Remedies.

13) The Warden does not dispute that the Warden or executive staff failed to respond to FSA complaints raised in Maxwell's Opening Brief.

14) The Warden does not dispute his obstruction of administrative remedies. This stands unrebutted.

15) The Warden does not dispute that the trial court denied the 12(b)(1) and 12(b)(6) motions or that summary judgment is not appropriate for exhaustion claims.

17) The Warden does not deny that administrative remedies were not available to Maxwell during the COVID period for FSA Claims.

18) The Warden does not deny that steps one and three of the Ross v. Blake analysis (Maxwell's Opening Brief, Page 9) were unavailable to Maxwell. See:

(1) Despite Maxwell's attempts to file grievances,

-2-

"officers [are] unable or constantly unwilling to provide any relief to aggrieved inmates."

[ ]

(3) Prison employees preventing inmates from taking advantage of the grievance procedure.

19) The Warden does not deny that Thornton was not competent to opine on exhaustion issues or that he worked in facilities and not as part of the executive team. Or that a weight of the evidence analysis was required.

20) The Warden does not deny that the Fifth Circuit has no specificity requirement regarding administrative remedies, nor makes any argument thereon.

21) The Warden does not deny that Maxwell's administrative remedy provided "the nature of the wrong" sought to be addressed.

22) The Warden does not allege that Maxwell was advised to resubmit his remedy because of alleged multiple issues being placed on a single administrative remedy.

23) The Warden does not deny that he obstructed the administrative remedy process.

24) The Warden does not address the difference between procedural issues involving Rule 12(b)(1), 12(b)(6) and Summary Judgment (summary judgment not proper for exhaustion claims).

25 The Warden does not address the exception to exhaustion at 28 C.F.R. §542.14(d)(5).

26) The Warden does not address any of Maxwell's affirmative defenses (waiver, admission, estoppel).

27) The Warden does not address the creation of liberty interests by the First Step Act.

-3-

**28)** The Warden does not respond at all to any of the issues raised herein.  The Warden does not respond at all to summary judgment.

**29)** Maxwell throughout his Opening Brief, provides ROA citations and legal arguments establishing the trial court's error in granting summary judgment.  The Warden does not defend the decision at all.

**30)** In short, Maxwell's arguments with factual support that he exhausted his administrative remedies. stands unrebutted.

**31)** Thw Warden did not address, in any way, issue No. 2 (Exhaustion not required under 28 C.F.R. §542.14(d)(5) nor does the Warden deny, dispute, or contest, in any way that he provided an edited regulation [28 C.F.R. §542.14(d)(5)] to the Court.  As this Court will recall, Maxwell pointed out that the regulation, 28 C.F.R. §542.14(d)(5), was amended in 2010 to state that decisions not made by the warden or his designee, need not be exhausted at the institution level but may proceed at regional or central office level. See 28 C.F.R. §542.14(d)(5).  The Warden, incredulously, does not explain or attempt to explain, how the BOP's policy statement, created in 2014, four years post the C.F.R. 2010 amendment, excised out the change in law.  Nor how the BOP falsely made representations of the law to the trial court.

Maxwell's arguments stand unrebutted.  Warden has waived any response.

**32)** Maxwell's No. 3 issue (fact issues precluded summary judgment) stands unrebutted.

-4-

## Motion For Leave to File a Reply

**33)** To the extent that Maxwell's Reply is late or that leave is required to file a Reply, Maxwell seeks such leave. The Warden filed his response on July 3, 2024. It was delivered on July 10, 2024. Maxwell filed his reply expeditiously thereafter. Due to the 7 day delivery delay of the Warden's Response, Maxwell shows, to the extent required, good cause for leave to be granted. Maxwell is unable to contact Mr. Gillingham to see if he is opposed. Maxwell does not file for leave for any improper purpose but in the interest of justice. Maxwell verifies his motion. This is his first request for leave to file a reply.

## Prayer

For these reasons asserted in Maxwell's opening brief, the Warden's substantive failure to respond, the ROA, and the facts and arguements in Maxwell's Opening Brief and Reply, Maxwell prays for a reversal of the trial court's summary judgment and a remand to the trial court for proceedings on the merits. Maxwell prays for such other and additional relief whether in equity or in law to which Maxwell is entitled.

Respectfully Submitted,

WILLIAM MAXWELL
Fed. Reg. No.: 71944-279
FCI-Beaumont-Low
Post Office Box 26020
Beaumont, Texas 77720

-5-

## VERIFICATION

I hereby verify that all material facts contained in the foregoing Reply are true and correct to the best of my knowledge and belief. I make this verification under penalties of perjury and pursuant to 28 U.S.C. §1746.

July ___, 2024

_____
WILLIAM MAXWELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was placed in the BOP Legal Mail System, first class postage prepaid and properly addressed to the Court of Appeals and to James Gillingham, AUSA; 110 N. College Avenue, Suite 700; Tyler, Texas 75702 on the 12 day of July, 2024. I make this certification under penalties of perjury and pursuant to 28 U.S.C. §1746.

July 12, 2024

_____
WILLIAM MAXWELL

-6-

CAUSE NO.: 23-40699

WILLIAM MAXWELL
Plaintiff, Appellant

VS.

WARDEN THOMAS
Defendant, Appellee



On Appeal from the United States District Court
For the Eastern District of Texas
Honorable Michael J. Truncale, presiding.

CERTIFICATE OF SERVICE

Respectfully Submitted,

WILLIAM MAXWELL
Fed. Reg. No.: 71944-279
FCI-Beaumont-Low
Post Office Box 26020
Beaumont, Texas 77720
Pro se'

## CERTIFICATE OF COMPLIANCE

1. This Reply Brief complies with the page limitations of Fed.R.App.P. Rule 32(a)(7(A) because it does not exceed 15 pages excluding those parts of the brief exempted by Fed.R.App.P. Rule 32(f).

2. This Reply Brief also complies with the typeface requirements of Fed.R.App.P. Rule 32(a)(5)(B) because it was typed using a monospaced font containing no more than 10½ characters per inch.

July 12, 2024

WILLIAM MAXWELL
Fed. Reg. NO.: 71944-279
FCI-Beaumont-Low
Post Office Box 26020
Beaumont, Texas 77720

## VERIFICATION

I hereby verify that all material facts contained in the foregoing Certificate of Compliance are true and correct to the best of my knowledge and belief. I make this verification under penalties of perjury and pursuant to 28 U.S.C. §1746.

July 12, 2024

_____
WILLIAM MAXWELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Certificate of Complaince was placed in the BOP Legal Mail System, first class postage prepaid and properly addressed to the Court of Appeals and to James Gillingham, AUSA; 110 N. College Avenue, Suite 700; Tyler, Texas 75702 on the ____ day of July, 2024. I make this certification under penalties of perjury and pursuant to 28 U.S.C. §1746.

July 12, 2024

_____
WILLIAM MAXWELL

Case: 23-40699    Document: 38    Page: 11    Date Filed: 07/24/2024

WILLIAM MAXWELL
71944-279
FCI-BEAUMONT-LOW
POST OFFICE BOX 26020
BEAUMONT, TEXAS 77720

HOUSTON TX RPDC 773

16 JUL 2024   PM 2 L

CLERK
FIFTH CIRCUIT COURT OF APPEALS
600 S MAESTRI PL
NEW ORLEANS   LA   70130-3408

LEGAL MAIL

70130-344040

WILLIAM MAXWELL
71944-279
FCI-BEAUMONT-LOW
POST OFFICE BOX 26020
BEAUMONT, TEXAS 77720

HOUSTON TX RPDC 773

16 JUL 2024 PM 2 L

FREEDOM
FOREVER/USA

CLERK OF COURT
FIFTH CIRCUIT COURT OF APPEALS
600 S MAESTRI PL
NEW ORLEANS LA 70130-3408

**LEGAL MAIL**

70130-344040

Case: 23-40699  Document: 38  Page: 12  Date Filed: 07/24/2024