---

Case No. 23-40699

---

William Maxwell,

Petitioner - Appellant

v.

Albert Thomas, III, Warden, FCI Beaumont Low,

Respondent - Appellee

Record Excerpts

CM/ECF

Jump to Docket Table

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Beaumont)
## CIVIL DOCKET FOR CASE #: 1:22-cv-00040-MJT-CLS
## Internal Use Only

Maxwell v. Warden, FCI Beaumont Low
Assigned to: District Judge Michael J. Truncale
Referred to: Magistrate Judge Christine L. Stetson
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 02/07/2022
Date Terminated: 10/06/2023
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**William Maxwell**

represented by **William Maxwell**
71944-279
BEAUMONT LOW
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 26020
Beaumont, TX 77720
PRO SE

V.

**Respondent**

**Warden, FCI Beaumont Low**

represented by **Michael Wayne Lockhart**
DOJ-USAO
550 Fannin
Ste 1250
Beaumont, TX 77701
409-981-7940
Email: michael.lockhart@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2022 | 1 | 28:2241 PETITION for Writ of Habeas Corpus, filed by William Maxwell. (Attachments: # 1 Memorandum in Support, # 2 Memorandum in Support Continued) (bjc, ) (Entered: 02/07/2022) |

| | | |
|---|---|---|
| 02/07/2022 | | CASE REFERRED to Magistrate Judge Christine L. Stetson. (bjc, ) (Entered: 02/07/2022) |
| 02/08/2022 | 2 | ORDERED that WILLIAM MAXWELL INMATE #71944-279 shall, within twenty (20) days from the date set forth below, submit the filing fee or an application to proceed in forma pauperis accompanied by a statement prepared by an authorized BUREAU OF PRISON official showing the average balance and average deposits to petitioner's inmate trust account for the preceding six months. Signed by Magistrate Judge Christine L. Stetson on 2/8/2022. (bjc, ) (Entered: 02/08/2022) |
| 02/22/2022 | 3 | MOTION for Leave to File Excess Pages by William Maxwell. (bjc, ) (Entered: 02/22/2022) |
| 02/23/2022 | | Filing fee: $ 5.00, receipt number TXE100021338 (tkd, ) (Entered: 02/23/2022) |
| 02/28/2022 | 4 | MOTION for leave to supplement by William Maxwell. (bjc, ) (Entered: 02/28/2022) |
| 03/04/2022 | 5 | ACKNOWLEDGMENT OF RECEIPT by William Maxwell on 2/24/2022 re 2 Order. (bjc, ) (Entered: 03/04/2022) |
| 03/09/2022 | 6 | ORDERED that the respondent shall have sixty days from the date of service to answer the petition for writ of habeas corpus and show cause why relief prayed for should not be granted. Signed by Magistrate Judge Christine L. Stetson on 3/9/2022. (bjc, ) (Entered: 03/09/2022) |
| 04/01/2022 | 7 | ACKNOWLEDGMENT OF RECEIPT by the US Attorney for Warden, FCI Beaumont Low on 3/18/2022 re 6 Order. (bjc, ) (Entered: 04/01/2022) |
| 05/17/2022 | 8 | MOTION to Dismiss *or in the Alternative*, MOTION for Summary Judgment by Warden, FCI Beaumont Low. (Attachments: # 1 Exhibit A-B, # 2 Text of Proposed Order)(Lockhart, Michael) (Entered: 05/17/2022) |
| 06/02/2022 | 9 | MOTION for Extension of Time to File response to 8 MOTION to Dismiss *or in the Alternative* MOTION for Summary Judgment by William Maxwell. (bjc, ) (Entered: 06/02/2022) |
| 06/06/2022 | 10 | ORDER granting 9 Motion for Extension of Time to File Response to 8 MOTION to Dismiss *or in the Alternative* MOTION for Summary Judgment . Petitioner's response is now due no later than August 1, 2022. Signed by Magistrate Judge Christine L. Stetson on 6/6/2022. (bjc, ) (Entered: 06/07/2022) |
| 07/01/2022 | 11 | ORDERED that Petitioners Motion for Leave to File Excess Pages (doc. # 3) and Motion for Leave to Supplement, liberally construed as a Motion to add Table of Contents and Table of Authorities (doc. # 4) are granted. Signed by Magistrate Judge Christine L. Stetson on 7/1/2022. (bjc, ) (Entered: 07/06/2022) |
| 08/01/2022 | 12 | MOTION for Leave to File Excess Pages/Oversized Responses by William Maxwell. (tkd, ) (Entered: 08/01/2022) |
| 08/01/2022 | 13 | ***STRICKEN PER ORDER OF CLS ON 8/4/2022.*** RESPONSE to 8 MOTION to Dismiss 12(b)(1) *filed by William Maxwell.* (Attachments: # 1 Exhibits)(tkd, ) Modified on 8/5/2022 (bjc, ). (Entered: 08/01/2022) |
| 08/01/2022 | 14 | ***STRICKEN PER ORDER OF CLS ON 8/4/2022.*** RESPONSE to 8 MOTION to Dismiss 12(b)(6) *filed by William Maxwell.* (Attachments: # 1 Exhibits)(tkd, ) Modified on 8/5/2022 (bjc, ). (Entered: 08/01/2022) |
| 08/01/2022 | 15 | ***STRICKEN PER ORDER OF CLS ON 8/4/2022.*** RESPONSE to 8 MOTION for Summary Judgment *filed by William Maxwell.* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibits 6-8)(tkd, ) Modified on 8/5/2022 (bjc, ). (Entered: 08/02/2022) |
| 08/01/2022 | 16 | ***STRICKEN PER ORDER OF CLS ON 8/4/2022.*** ADDENDUM to 13 , 14 and 15 Responses to Motions, filed by William Maxwell. (tkd, ) Modified on 8/5/2022 (bjc, ). (Entered: 08/02/2022) |
| 08/04/2022 | 17 | ORDER denying 12 Motion for Leave to File Excess Pages. The Clerk of Court is instructed to strike docket entry numbers 13-16 and return the documents to Petitioner. Petitioner has thirty days from entry below to re-file his responses in one document and is limited to sixty pages total. Signed by Magistrate Judge Christine L. Stetson on 8/4/2022. (bjc, ) (Entered: 08/05/2022) |
| 08/08/2022 | 18 | RESPONSE to 8 MOTION to Dismiss *or in the Alternative* MOTION for Summary Judgment by William Maxwell. (bjc, ) Modified on 1/27/2023 (bjc, ). (Entered: 08/08/2022) |
| 08/25/2022 | 19 | ACKNOWLEDGMENT OF RECEIPT by William Maxwell on 8/11/2022 re 17 Order on Motion for Leave to File Excess Pages. (bjc, ) (Entered: 08/25/2022) |
| 09/09/2022 | 20 | AMENDED RESPONSE to 8 Motion to Dismiss,or in the Alternative, Motion for Summary Judgment *filed by William Maxwell*. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachments 3-5, # 4 Attachment 6 part 1, # 5 Attachment 6 part 2) (tkd, ) (Entered: 09/09/2022) |
| 09/16/2022 | 21 | REPLY to Response to 8 MOTION to Dismiss *or in the Alternative* MOTION for Summary Judgment filed by Warden, FCI Beaumont Low. (Attachments: # 1 Text of Proposed Order)(Lockhart, Michael) (Entered: 09/16/2022) |
| 09/30/2022 | 22 | NOTICE of non-receipt of Warden's reply (doc#21) by William Maxwell (bjc, ) (Entered: 09/30/2022) |
| 10/04/2022 | | Mailed plaintiff a copy of the docket sheet. (bjc, ) (Entered: 10/25/2022) |
| 10/20/2022 | 23 | SECOND AMENDED RESPONSE to 8 Motion to dismiss or in the alternative MOTION for summary judgment by William Maxwell. (bjc, ) Modified on 1/27/2023 (bjc, ). (Entered: 10/20/2022) |
| 02/13/2023 | 24 | REPORT AND RECOMMENDATION recommending the 1 Petition for Writ of Habeas Corpus should be dismissed. Signed by Magistrate Judge Christine L. Stetson on 2/13/2023. (bjc, ) (Entered: 02/13/2023) |
| 03/02/2023 | 25 | MOTION for Extension of Time to File objections to doc#24 by William Maxwell. (bjc, ) (Entered: 03/02/2023) |
| 03/06/2023 | 26 | ORDER granting the 25 Motion for Extension of Time to File Objections to the Report and Recommendation entered February 13, 2023. Petitioner has until April 3, 2023, to file his objections. Petitioner is admonished that no further extensions will be granted. It is further ordered that the 8 Motion to Dismiss, or in the alternative, Motion for Summary Judgment is terminated for statistical purposes only, and will be reinstated upon receipt of Petitioner's objections to the Report and Recommendation. Signed by Magistrate Judge Christine L. Stetson on 3/6/23. (kcv, ) (Entered: 03/06/2023) |
| 03/31/2023 | 27 | OBJECTION to 24 Report and Recommendations by William Maxwell. (bjc, ) (Entered: 03/31/2023) |
| 10/06/2023 | 28 | MEMORANDUM OPINION and ORDER overruling objections and adopting the 24 Report and Recommendation. Signed by District Judge Michael J. Truncale on 10/6/2023. (bjc, ) (Entered: 10/10/2023) |

| 10/06/2023 | 29 | FINAL JUDGMENT that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED with prejudice. All motions by either party not previously ruled on are hereby DENIED. Signed by District Judge Michael J. Truncale on 10/6/2023. (bjc, ) (Entered: 10/10/2023) |
| 12/08/2023 | 30 | NOTICE OF APPEAL as to 28 Order Adopting Report and Recommendations, 29 Judgment, by William Maxwell. (bjc, ) (Entered: 12/11/2023) |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

Beaumont Division

WILLIAM MAXWELL §

§

VS. § CIVIL ACTION NO.: 1:22-CV-40

§

WARDEN, FCI BEAUMONT LOW §

## NOTICE OF APPEAL

Comes now, William Maxwell ("Maxwell"), who hereby files this Notice of Appeal appealing the District Court's Memorandum Opinion and Order Overruling Objections and Adopting Report and Reccomendation [Doc. 28] dated October 6, 2023 and Final Judgment [Doc. 29] dated October 6, 2023.

Maxwell requests that the appellate record be prepared for appeal.

Respectfully Submitted,

WILLIAM MAXWELL

Fed. Reg. No.: 71944-279

FCI-Beaumont-Low

Post Office Box 26020

Beaumont, Texas 77720

-1-

## VERIFICATION

I hereby verify that all of the material facts contained in the foregoing Notice of Appeal are true and correct to the best of my knowledge and belief. I make this verification under penalty of perjury and pursuant to 28 U.S.C. §1746.

December ___4___, 2023

WILLIAM MAXWELL

## CERTIFICATION

I hereby certify that the foregoing Notice of Appeal was placed in the BOP Legal Mail System, first class postage prepaid and properly addressed on the ___4___ day of December, 2023. I make this certification under penalty of perjury and pursuant to 28 U.S.C. §1746.

December ___4___, 2023

WILLIAM MAXWELL

-2-

WILLIAM MAXWELL
71944-279
FCI-BEAUMONT-LOW
POST OFFICE BOX 26020
BEAUMONT, TEXAS  77720

NORTH HOUSTON TX 773

6 DEC 2023   PM 9  L



FOREVER / USA

CLERK, U.S. DISTRICT COURT

RECEIVED

DEC 0 8 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

LEGAL MAIL

77701-221729

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION
300 WILLOW ST   STE 104
BEAUMONT   TX   77701-2217

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM MAXWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-40 |
| WARDEN, FCI BEAUMONT LOW | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, William Maxwell, an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting Respondent's Motion for Summary Judgment, finding Petitioner failed to exhaust administrative remedies as to any of Petitioner's claims under the First Step Act ("FSA") and finding his claims under the a Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") for home confinement as lacking in merit [Dkt. 24].

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Petitioner filed Objections to the Report and Recommendation of United States Magistrate Judge [Dkt. 27]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner first argues that the declaration provided by Respondent is inadmissible hearsay. Respondent provided the declaration of Justin Thornton ("Thornton"), the Acting Executive Assistant at FCC Beaumont, in support of its Motion for Summary Judgment. Motion for Summary Judgment, Exhibit A [Dkt. 8-1]. The Declaration states that as part of his duties as Acting Executive Assistant, Thornton was the Coordinator for the Administrative Remedy Program and had access to inmate records relating to every step of the administrative remedy program. *Id.* The statements

made by Thornton in the Declaration were made on the basis of his review of the official files and records of the BOP, his own personal knowledge, or on the basis of information acquired by him through the performance of his official duties. *Id.* After summarizing the exhibits attached to the Declaration, Thornton concluded the following:

9.  The records appear to indicate inmate Maxwell has exhausted his administrative remedies in regards to his request for home confinement placement under the CARES Act. However, there are no records to indicate inmate Maxwell exhausted, nor ever attempted to exhaust, any of his other claims regarding the First Step Act ("FSA"), including FSA time credits as related to participation in productive activities, preferential housing units, additional phone minutes, expanded commissary, or his transfer to halfway house as a result of successful participation.

*Id.,* pg. 4.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "The substance of an affidavit must demonstrate the affiant has personal knowledge of the facts contained therein." *Wojciechowski v. Nat'l Oilwell Varco, L.P.,* 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011). "[C]onclusory assertions cannot be used in an affidavit on summary judgment." *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992). "If the affidavit fails to meet any of the procedural requirements, a motion to strike that sets forth specific objections is the proper method for the opposing party to challenge the affidavit." *Wojciechowski,* 763 F. Supp. 2d at 846. "The rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion." *Lee v. Nat'l Life Assurance Co. Of Can.,* 632 F.2d 524, 529 (5th Cir. 1980).

The declaration provided by Respondent meets the procedural requirements of Federal Rule of Civil Procedure 56(c)(4). The conclusion offered by Thornton is supported by the exhibits attached to the declaration. The fact that Petitioner disagrees with the conclusion does not, by itself,

make the declaration or the attached exhibits inadmissible hearsay evidence. Regardless, Petitioner's argument of hearsay is conclusory and will not be considered by this court.

Regardless, an independent review of the administrative grievances in this case, also provided by Petitioner as attachments to his original petition, reveals that Petitioner was clearly challenging the BOP's refusal to grant him his requested relief of home confinement. Original Petition, Exhibits, [Dkt. 1-1 & 1-2]. None of the grievances mention the entitlement to FSA earned time credits as authority for why Petitioner should now be placed in home confinement or a halfway house. Nor do the grievances challenge the denial of other privileges under the FSA. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (a grievance should give officials a fair opportunity to address the problem that will later form the basis of the lawsuit). In fact, Petitioner was put on notice that the BOP was construing his grievance as one only requesting home confinement in the Warden's denial of his BP-9 where he was specifically denied his request for discretionary home confinement without consideration of the time served under the CARES Act. Petitioner's later appeals still do not mention or challenge his entitlement to earned time credits under the FSA nor any other privileges under the FSA. If Petitioner seeks to have a review of his status under 18 U.S.C. § 3632(d)(4) to determine his eligibility to earn and presently apply any FSA time credits, or if Petitioner seeks to challenge the denial of any other privilege under the FSA, Petitioner is still free to file an administrative remedy making such a request. To the extent Petitioner argues the BOP obstructed his ability to exhaust his administrative remedies, this argument is belied by the competent summary judgment evidence.[1] While there may have been some delays in consideration, the BOP fully considered Petitioner's claim regarding his request for home confinement under the CARES Act. The lack of exhaustion as to these other claims is attributable to Petitioner's failure to properly put

---

[1] Petitioner argues waiver, admission and estoppel to overcome his failure to exhaust. Exceptions to the exhaustion requirement apply "only in 'extraordinary circumstances'" when administrative remedies "are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Petitioner has failed to demonstrate extraordinary circumstances.

the BOP on notice as to his alleged intent to also challenge his entitlement to FSA earned time credits or some other privileges under the FSA. This objection is overruled.

To the extent Petitioner objects to the finding of the magistrate judge relating to Petitioner's request for priority placement in home confinement under the CARES Act, any such objection is overruled. The BOP was within its discretion to deny Petitioner priority placement in home confinement under the CARES Act. *See De La Cruz Jimenez v. United States*, 844 F. App'x 753, 754 (5th Cir. 2021) ("He cites no legal authority, nor are we are of any, holding that the CARES Act created an actionable right to release even for qualifying inmates or a corresponding duty of the respondents to release him."); *see also United States v. Lang*, 835 F. App'x 790, 791 n5 (5th Cir. 2021) ("Although Lang contends he meets the criteria for release to home confinement under the CARES Act, the plain language of the CARES Act does not grant a federal court the authority to make home confinement determinations.").

## ORDER

Accordingly, petitioner's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is ADOPTED. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED this 6th day of October, 2023.

Michael J. Truncale
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM MAXWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-40 |
| WARDEN, FCI BEAUMONT LOW | § | |

## FINAL JUDGMENT

This action came on before the Court, Honorable Michael J. Truncale, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

ORDERED and ADJUDGED that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED with prejudice.

All motions by either party not previously ruled on are hereby DENIED.

**SIGNED this 6th day of October, 2023.**

_____
Michael J. Truncale
United States District Judge